# JOHN BETHEL v. STATE.

No. A-1246.   Opinion Filed September 14, 1912.

(126 Pac. 698.)

1.   **APPEAL—Continuance—Discretion of Court.** (a) A motion for continuance upon the ground of absent witnesses is addressed to the sound discretion of the court, and unless an abuse of this discretion appears a judgment of conviction will not be reversed on appeal.

(b) A motion for continuance that does not show due diligence upon the part of the person interposing it to have the absent witnesses present should be overruled.

(c) When a motion for continuance is interposed upon the ground of the absence of material witnesses, and although on its face such motion may contain good grounds for continuance, if upon the trial the record discloses the fact that the testimony of the witnesses asked for would be cumulative, this court, as a general rule, will not interfere with the order of the trial court overruling such motion.

2.   **PROSECUTING ATTORNEYS—Special Attorney—Qualification.** (a) When a special prosecuting attorney is appointed by the court, he should qualify as provided by law.

(b) When a special prosecuting attorney is appointed by the trial court, and no objection is made and no question raised as to his qualifications and his authority to appear until after the cause is tried, in the absence of any prejudicial conduct, such objection comes too late.

3.   **INDICTMENT AND INFORMATION—Filing—Failure to Place Filing Mark Thereon.** (a) The failure of the clerk to place the filing mark upon the information when the same is filed, although conduct deserving severe criticism, is not such as to vitiate the information.

(b) When a case is called for trial, and continued for the term by agreement of the state and defense, a plea of not guilty entered, the case called for trial, and the trial concluded before any objection is made to irregularities in the information, an objection that the information did not bear the filing mark comes too late to avail, and a motion to set such information aside is properly overruled.

4.   **APPEAL—Harmless Error.** Where, upon a careful examination of the entire record, no prejudicial error is disclosed, and the judgment of conviction is sustained by the proof, this court will not seek technical grounds for reversal, which in no way deprived the accused of a fair and impartial trial, and will only

reverse when we can reasonably say that an injustice probably resulted from the proceedings.

(Syllabus by the Court.)

*Appeal from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

John Bethel was convicted of assault with intent to kill, and appeals. Affirmed.

*Davis & Davis,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John Bethel, was convicted in the district court of Seminole county at the January, 1911, term, on a charge of assault with intent to kill one Frank Barker, and his punishment fixed at imprisonment in the state penitentiary for a term of two years. It appears that the difficulty out of which this charge arose occurred at the home of Justice of the Peace Ashbrook, in Seminole county, where the Bethels and Barkers were engaged in a civil lawsuit. The trouble came up between a brother of the accused and a brother of the prosecuting witness. The accused and prosecuting witness started toward the trouble, and became engaged in a difficulty of their own; the state contended that the accused assaulted Barker with his fist and then with a knife, pursuing him several times around the house, and inflicting a severe wound in the side, which it required a dozen stitches to close. The accused contended that the prosecuting witness, who weighed about 115 pounds, assaulted him with a knife, cut a hole in his clothes, and stabbed his brother. The testimony is to some extent conflicting, but the verdict of the jury is amply sustained.

It is urged by counsel for the accused that the judgment should be reversed upon the ground that the court improperly overruled a motion for continuance. We have carefully gone over the record and the motion, and find no reason to criticise the ruling of the court. The motion for continuance was properly overruled. At most the testimony sought would have been cumulative, and proper diligence was not shown to have the witnesses on hand.

It is next urged that the judgment should be reversed because Geo. C. Crump, Esq., was permitted to appear on behalf of the state and prosecute this cause in the trial court without having first qualified as special county attorney. Counsel rely upon the holding of this court in *Dodd v. State,* 5 Okla. Cr. 513, 115 Pac. 632. The Dodd case is not in point. In that case the special county attorney was not appointed by any court having jurisdiction, and his authority was questioned at all stages of the proceedings, and nothing waived. In the case at bar there was no question raised about the qualification of Mr. Crump, and no objection made to his appearing and prosecuting the action, and none that he was not properly sworn or qualified before the trial began or during its progress. Counsel in their motion for a new trial allege that he was appointed by the court. In their brief, however, they contend that he was not appointed by the court. There is nothing in this assignment to justify this court in interfering with the judgment.

It is next urged that the judgment should be reversed because the information upon which the prosecution was based did not bear the filing mark of the clerk. This contention is without merit. The filing mark has nothing to do with the validity of the information. There is no contention that the information was not in fact filed. The record is not offered to show that it was never filed. It is the duty of the clerk to mark the papers filed, enter them of record, and properly preserve them; but his failure to attach the filing mark does not vitiate the information. This case was called for trial and continued by agreement of counsel at a prior term of court, the accused entered his plea of not guilty to the charge, the jury was impaneled, and the evidence taken before it was discovered that the filing mark was not on the papers. The court was then asked to set aside the information and discharge the accused, which motion was overruled, and properly so.

We have read the entire record, and find no errors sufficient to justify a reversal of the judgment. It is therefore affirmed.

FURMAN, P. J., and DOYLE, J., concur.