## MARION GAINES v. STATE.

No. A-3365—Opinion Filed Dec. 11, 1920.

Rehearing Denied April 14, 1921.

(196 Pac. 719.)

(Syllabus.)

1. **INTOXICATING LIQUORS—Sale—Sufficiency of Evidence.** Evidence examined, and held sufficient to authorize the jury to reasonably conclude that defendant was guilty of the crime charged, and that the same constituted sufficient proof of the corpus delicti of the offense.

2. **TRIAL—Instruction—Burden of Proof.** An instruction, not objected to, and misquoted in the brief filed in behalf of defendant, is held to correctly state the law, and to place no unjust burden of proof upon defendant.

3. **CONTINUANCE—Denial—Absent Witnesses.** Where there is no sufficient showing of diligence on the part of defendant to procure the attendance of certain witnesses, nor a showing that the attendance of such witnesses could be had at the next term of court, there is no abuse of discretion on the part of the trial

court in overruling the motion for continuance on the ground of the absence of such witnesses.

4.     **APPEAL AND ERROR—Record—Improper Argument.** No question is raised in this court on the ground of the improper argument of the county attorney, unless the case-made contains proper recitals that certain argument was made, and that the same was objected to at the time, and proper exceptions saved to the ruling of the trial court in permitting the same.

*Appeal from County Court, Logan County;*

*John D. Chappelle, Judge.*

Marion Gaines was convicted of the crime of selling whisky, and he appeals.   Affirmed.

*B. F. Garrett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM.   This is an appeal from the county court of Logan county, wherein defendant, Marion Gaines, was convicted of the crime of selling whisky, and his punishment fixed at imprisonment in the county jail for a period of six months and to pay a fine of $500.   Counsel for defendant urge several grounds for reversal of the judgment, including:   (1) That the verdict is not sustained by sufficient evidence;   (2) that there is no sufficient proof of the *corpus delicti* of the offense.

The undisputed evidence in this case is that on September 4, 1917, J. K. Gano and two others drove from the city of Oklahoma City to the city of Guthrie in an automobile, to a garage in the latter city owned and operated by one E. E. Tallman, and at the latter place they met the said Tallman and another man by the name of Reed. Desiring to purchase some whisky, these five parties raised some

money for that purpose, and drove their car to the residence of defendant in the city of Guthrie. The car was driven into an alley near defendant's premises, and there Tallman, who was a resident of the city of Guthrie, had a conversation with some person who the witness Gano says "might have been defendant." Being unable to obtain the whisky on this visit, the parties drove back to the business district of Guthrie, and ate lunch in a restaurant, and then returned in their car to a place on the public streets of Guthrie close to the residence of defendant, and there defendant was met, the car stopped, and defendant came up to the side of it, and, according to the testimony of the sheriff, who was on another street watching the parties, defendant passed a package into the car, and one of the parties in the car admits handing to defendant some money in the form of currency. The car was then started, and the sheriff, who was in another automobile, immediately pursued said parties, overtook them in a very short time, searched the car, and found a quart of whisky therein.

The evidence discloses that these parties did not have whisky before defendant was met on the second visit; that they were bent upon purchasing whisky; that defendant passed a package into the car, and received some greenbacks from one of the parties in the car. This evidence, in the judgment of the court, was sufficient for the jury to reasonably conclude that the transaction witnessed by the sheriff constituted a sale of the quart of whisky by defendant to the parties in the car, discovered in possession of the same immediately thereafter, and the facts and circumstances testified to, undenied, constituted sufficient proof of the *corpus delicti* of the offense.

It is also contended that the court erred in giving of

instruction No. 4. The instruction complained of was not objected to in the trial court. In the brief filed in behalf of defendant, counsel has incorporated therein only part of the court's instruction, omitting a clause therefrom which clearly cures the error complained of. The instruction correctly states the law, and does not place any unjust burden of proof upon defendant.

Further, it is contended that the court erred in overruling defendant's application for a continuance on account of the absence of certain witnesses. In this connection it may be said, however, that there is no sufficient showing of diligence on the part of defendant to procure the attendance of the witnesses, nor is there any showing of likelihood that the attendance of such witnesses could be had at the next term of court. We find, therefore, no abuse of discretion in overruling the motion for a continuance.

Certain remarks of the county attorney in the closing argument of the case are complained of, but the case-made contains no recital to the effect that such argument was made, objected to at the time, and proper exceptions saved to the ruling of the trial court in permitting the same. In the absence of proper recitals in the case-made to the effect that the argument was made by the county attorney, as complained of, no question is raised in this court under this assignment of error. *Irvine v. State,* 10 Okla. Cr. 4, 133 Pac. 259.

For reasons stated, the judgment is affirmed.