## NARVEL STEPHENS v. STATE.

No. A-7825.   Opinion Filed July 18, 1931.
(1 Pac. [2d] 809.)

W. L. Chase and W. A. Woodruff, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for fifteen years.

The evidence of the state was that Alex Bolen was traveling by covered wagon with his family, consisting of himself and wife, two sons, and three daughters; that at a point in Adair county where Highway No. 17 crosses the Kansas City Southern Railroad, the defendant Narvel Stephens and one Austin Duncan were on the railroad track, some 75 yards from the wagon; that Duncan laid down on the railroad track and put his hands up to his face; that the defendant kneeled and, pointing a 22-caliber rifle at the covered wagon, fired a shot which struck Opal Bolen, who was riding in the wagon, in the back of the head and caused her death in a short time thereafter; that when defendant and Duncan were arrested they denied having been at the place where the shooting occurred.

At the trial the defendant, testifying in his own behalf, admitted that he shot at a rabbit and some birds at that place, but denied that he saw the wagon or knew that the parties were there, and claimed that if he caused the death of Opal Bolen it was an accident.

Defendant contends first that the court erred in overruling his motion for a continuance.

The showing of defendant was that Austin Duncan, his codefendant, was sick and unable to be present and testify in his behalf, but there was no showing that any subpoena had been issued or any diligence had been used to secure the attendance of Duncan or to procure his evidence by deposition.

Defendant further showed that he had a subpoena issued for George Ward, who had been present on the 22d day of October and attended the trial, but was not present on the 23d day of October, when the case was called for trial, and no application was made for an attachment for the absent witness.

The showing on its face was insufficient to entitle the defendant to a continuance.

A motion for continuance which does not show due diligence upon the part of the person interposing it to have absent witnesses present should be overruled. Bethel v. State, 8 Okla. Cr. 61, 126 Pac. 698; Buxton v. State, 11 Okla. Cr. 85, 143 Pac. 58; Gaines v. State, 18 Okla. Cr. 525, 196 Pac. 719; Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021.

Defendant next complains of the refusal of the court to give certain requested instructions, and of error of the trial court in giving certain instructions on its own motion.

An examination of the instructions given by the court on its own motion discloses that they are the usual instructions given in cases of this kind and correctly state the law as applicable to the facts in the case, and are as favorable to the defendant as the evidence in the case warrants.

Defendant complains of other errors, but they are without sufficient merit to require a separate discussion in this opinion.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.