JOHNSON, C. J., and WELCH, CORN and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.

**Jack Dempsey SCOTT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12206.**

Criminal Court of Appeals of Oklahoma.

Oct. 26, 1955.

Hegel Branch, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Jack Dempsey Scott, defendant below, was charged by information in the Superior Court of Comanche County, Oklahoma, with the crime of unlawful possession of narcotic drugs, to-wit: 5 grains of dilaudid, allegedly committed on September 12, 1954. Defendant was tried by a jury, convicted, and his punishment fixed by imprisonment in the State Penitentiary for a term of five years, and a fine of $800, T. 63, § 401 and § 420, O.S.1951, as amended in 1953. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

Defendant urges that the verdict is not sustained by sufficient evidence. The State's evidence discloses the defendant had been in an automobile accident and was brought to the hospital in Lawton, Oklahoma. It appears the hospital authorities, while undressing the defendant, noticed a roll in his sock, and when the defendant was asked about the bundle in the sock, he immediately grabbed for it. Contained in the roll was a small vial of white tablets. The defendant attempted to remove the lid, and put the contents in his mouth, but he was restrained, and the vial and it's contents were recovered. It was found the roll contained the little bottle, several sizes of white tablets, a medicine dropper, and a hypodermic needle. Among these white tablets were two oval shaped scored tablets, weighing a total of 5 grains, or 2½ grains each, identified by Mr. Taylor Rogers, State Chemist, as being two and one-half grain dilaudid tablets, derivative of opium.

Defendant testified in his own behalf, he secured this medicine from Dr. Joe Shipman, at Vernon, Texas, and that the dilaudid tablets were to be taken by hypodermic. He testified the doctor gave him only a grain of dilaudid. The defendant did not subpoena Dr. Joe Shipman, but he was called to testify on behalf of the State of Oklahoma.

Dr. Shipman related that the defendant came to his office in considerable pain, which was the result of an old head injury, and because of which, he had to have a bone graft in the top of his head. He related he gave the defendant twenty tablets of dilaudid, 1/16th grain each, but he denied he gave the defendant any 2½ grain tablets of dilaudid, or any ½ grain tablets of dilaudid. He further testified that the largest size tablets he had in his possession were 1/16th grain, which he gave the defendant, and he prescribed these be taken by mouth. The doctor further testified that an 9/16th grain of dilaudid, taken at one time would probably be fatal to a normal person, but possibly not to an addict. The doctor further testified, he did not advise the defendant to take the medicine with a hypodermic needle.

■■■ The evidence was therefore sufficient to sustain the jury's conviction. It has been repeatedly held by this court that where the evidence is conflicting, the sufficiency thereof presents a question for the jury, and the function of the Criminal Court of Appeals is limited to ascertain whether there is a basis in the evidence on which the jury can conclude that the accused is guilty as charged. Dodson v. State, Okl. Cr., 284 P.2d 437; Petty v. State, Okl.Cr., 283 P.2d 209; McCormick v. State, Okl.Cr., 279 P.2d 359. We are of the opinion that the conviction herein is supported by sufficient evidence.

■ Next, the defendant contends that Mr. Cavanagh, the Assistant County Attorney, in his argument to the jury, made prejudicial remarks with reference to the defendant. If such alleged prejudicial remarks were made, it has not been properly preserved in the record, for our consideration. The record discloses that the arguments were not being taken down by the court reporter, but that Mr. Oerke, of counsel for the defendant, called for the reporter and dictated into the record that part of the argument complained of. Nowhere in the record does it appear that the defense attorney objected to the remarks of the Assistant County Attorney, or moved that they be stricken from the record, and that the jury be admonished not to consider the same. It has been repeatedly held in this regard that such matter must be presented to the trial court at the time, and the court be given the opportunity to rule upon it and that such ruling must clearly appear from the record; otherwise, there is nothing properly before this court to act upon. Irvine v. State, 10 Okl.Cr. 4, 133 P. 259. Moreover, in Irvine v. State, it was said that objections to the argument of the County Attorney placed in the casemade, by counsel, will not be considered, in the absence of objections and exceptions, at the time they were made, and unless they are included in a recital made by the trial judge, of the language used. In other words, as was said in Newcomb v. State, 23 Okl.Cr. 172, 213 P. 900, the objectional remarks by the County Attorney must be "certified to by the trial judge", that the County Attorney made the remarks complained of and in the absence of such recital (by the trial judge) in the casemade, specifically setting forth the remarks complained of, there is no question raised which can properly be considered on appeal. To the same effect is Gaines v. State, 18 Okl.Cr. 525, 196 P. 719; Hall v. State, 80 Okl.Cr. 310, 159 P.2d 283. The very obvious purpose, of such procedure, is to give verity to the alleged error, by having the trial judge certify that the remarks were made, as dictated by counsel, at the time that such remarks were made, when the reporter was not present to take the same down in shorthand. It is thus obvious that, under the conditions herewith presented, without such certification in the record, of the argument complained of, we are not at liberty under the law to consider the same as grounds for reversible error. Substantially, to the same effect is Peters v. State, 71 Okl.Cr. 175, 110 P.2d 300; Gorum v. State, 67 Okl. Cr. 75, 92 P.2d 1086; Garrison v. State, 57 Okl.Cr. 230, 47 P.2d 224.

We are of the opinion, the defendant's prior record of convictions, for larceny of livestock, and robbery with firearms, for which he was confined in the Penitentiary, so discredited him, the jury would not believe his defense.

Affirmed.

JONES, P. J., and POWELL, J., concur.