**Robert Morgan ROGERS et al.,
Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15990.**

Court of Criminal Appeals of Oklahoma.
Aug. 25, 1971.

Raymond Burger, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## CORRECTED OPINION

BRETT, Judge:

Plaintiffs in error, Robert Morgan Rogers, Frank Vernon Hightower and Lawrence Walter Willman, hereinafter referred to as defendants, were charged by Information in the District Court of Oklahoma County with commission of the crime of Possession of Narcotic Drugs, to-wit: Heroin. After receiving a preliminary hearing defendants were tried by a jury, convicted and pursuant to the jury's verdict fixing their punishment at five (5) years in the Oklahoma State Penitentiary, Judgment and Sentence was duly entered for such terms. Their Motion for New Trial was overruled, and defendants have perfected their appeal to this Court. On Rehearing the Judgment and Sentence is Affirmed.

Defendants by Petition in Error have raised the following allegations of error relating to their convictions, upon which they seek reversal, to-wit:

1. Error of the trial court in overruling their Motion to Suppress.

2. Error in admission of evidence over objection of defendants.

3. Misconduct of the Assistant District Attorney.

▮▮▮ Although the record before this Court does not contain a transcript of the hearing on defendants' Motion to Suppress, references in the record make it clear that their Motion to Suppress was filed, and denied by the trial court; and it further appears that the identical questions were raised by defendants in the trial in connection with their complaint regarding admission of evidence obtained by what they chose to label unreasonable search and seizure.

Therefore, because no briefs were filed in this appeal, this Court will only search the record for fundamental error. Consequently that search has been limited to the first two complaints contained in the Petition in Error. A brief statement of the facts is required at this point.

On the 14th day of October, 1969, defendants were charged by Information in Case No. ERC–69–2503, with having committed the crime of Possession of Narcotic Drugs, to-wit: Heroin. The Information alleged that the crime was committed on October 13, 1969. Because both propositions of error relate to the legality of the search and seizure of the premises occupied by defendants, they will be considered simultaneously.

The transcript of the preliminary examination conducted by Special District Judge Robert L. Berry, acting as examining magistrate, reveals that the preliminary hearing in two cases: Numbers CRF–69–2502 and CRF–69–2503; were conducted together. This appeal arose from Case No. CRF–69–2503, pertaining to the heroin conviction. Case No. CRF–69–2502 charges defendants with Possession of Marijuana. The search and seizure complained of by defendants revealed the finding of a quantity of both marijuana and heroin.

The record indicates that Oklahoma City Police Officer Jerry Legg, Agent Keester of the Oklahoma Bureau of Investigation, and Agent Rose of the Federal Bureau of Narcotics and Dangerous Drugs, had a meeting with an informant, in the office of Agent Rose, as the result of a telephone call to one of the officers. The meeting was held in the Federal Building in Oklahoma City, about noon on October 13th. After receiving certain information from the informant the three officers went to the area of the Airline Motel on Southwest 29th Street in Oklahoma City. They arranged for the informant to meet them in the Humpty-Dumpty Store west of the motel. Upon arrival of the officers at the scene of the grocery store, Officer Keester produced a $20.00 bill which he delivered to Officer Legg. Officer Legg entered the store and changed the $20.00 bill into two five dollar bills and ten one dollar bills. Serial numbers of all bills were subsequently recorded by Officers Keester and Legg. Officer Legg then took the informant into the store's rest-room,

had him strip off his clothes, and thoroughly searched him to make certain he was concealing nothing. They left the grocery store by the back door and went to the car where the other officers were waiting. The car was situated at a place from which vantage point Officer Legg asserted they could view room 114 of the Airline Motel, where the search and arrests were subsequently made. The money was delivered to the informant and the officers watched him go directly to room 114 of the Airline Motel.

After entering the door, he remained in the room for two or three minutes. As stated, the room entrance was allegedly always in view of the officers. This point was controverted by defendants, but the jury did not accept defendants' contention. The informant returned to where the officers were and delivered to them a capsule containing a brown powder substance (which a field test later proved to be of an opiate derivative).

With the information of the purchase having been made, the officers went to room 114; finding that the door was closed and would not open, they broke open the door and burst into the room where they found defendants Rogers and Hightower on the two beds in the room. Agent Keester immediately placed them under arrest. Detective Legg heard the toilet flushing, and went to the bathroom; finding the door closed and locked he broke open the door and saw defendant Willman standing on the toilet. Officer Legg saw a capsule in the water of the toilet of identical description to the one already delivered to him by the informant. He retrieved the capsule which, with at least one more, subsequently proved to be heroin. The officers also found a bag of "green leafy" material, which appeared to be marijuana. Officer Legg arrested defendant Willman and took him into the room with the other two defendants where all three of them were again formally placed

under arrest for Possession of Narcotic Drugs, and for Possession of Marijuana. The defendants were advised of their constitutional rights, and were taken to the Oklahoma City Jail. The two Informations were filed in the District Court the next day.

At the preliminary hearing, when defense counsel objected to testimony of Officer Legg, as being evidence obtained in violation of defendants' rights, to be secure from unreasonable searches and seizures, Judge Berry overruled the objection; and in justification for his ruling on defendants' Motion he said, "I think it was probably a valid search if he did it on the belief or had reason to believe that a felony had been committed by the men inside when they ended up by selling two capsules to someone."

We find that the officers did have sufficient probable cause to make the arrest for a felony, and therefore had authority to break open the door and enter. Consequently, the arrest being legal the search and seizure was likewise legal.[1] See: Shepherd v. United States 100 U.S.App. D.C. 302, 244 F.2d 750, (1956):

> "8. Probable cause for arrest depends upon reasonable ground for belief of guilt."
>
> \*    \*    \*    \*    \*    \*
>
> "9. In determining whether arrest of occupants of apartment by officers who broke chain lock to gain entrance was lawful, court had duty to decide whether conduct was reasonable, not whether some other course would have been better."

See also annotations: "Arrest of Narcotics Suspect," 3 L.Ed.2d 1736, "Probable Cause" or "Reasonable Grounds." And, Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). When the informer returned with the package of heroin and without the marked money, the officers had reasonable grounds to believe that more of the same narcotics were in the motel room,

---

1. Title 22 O.S.A. §§ 196 & 197.

as well as possessing actual knowledge that an illegal felonious sale had been consummated. Also, in reviewing the facts of this case on rehearing, it would have been folly for Officer Legg to have precisely informed defendant Willman of his arrest and his constitutional rights to an attorney, etc., while watching the evidence swirl down the toilet and disappear into the public sewer. The record is clear that as soon as Officer Legg and defendant Willman returned to the bedroom, all three defendants were advised of their arrest for possession of narcotics; but the other two defendants had already been informed by Agent Keester that they were under arrest for the illegal sale.

We therefore hold that it was not error when the court overruled the Motion to Suppress; and, that the evidence obtained as the result of the search was admissible.

Defendant Hightower was the only one of the three defendants to testify. He denied that the heroin and marijuana belonged to the defendants, and asserted that the informer left the blue bag with its contents when he entered the motel room. Defendants also called the informer, Richard Lee Cothrum, to testify but on advice of his own counsel he refused to testify. The third witness offered was the woman at the motel, who cleaned the rooms. She denied seeing the bag a few minutes prior to the arrest, and testified that the three men were "nice men."

A question of conflicting evidence was presented to the jury. In Scott v. State, Okl.Cr., 289 P.2d 393 (1955), an appeal in which Scott was convicted for possession of narcotic drugs, a conflict of evidence was offered. In the second paragraph of the syllabus to that decision, this Court provided:

> "Where evidence is conflicting, sufficiency thereof presents question for jury, and function of [Court of Criminal Appeals] is to determine whether there is basis in evidence upon which jury can conclude that accused is guilty as charged."

In the instant case the jury resolved the conflict of evidence against the defendants; and the record before the Court does not provide justification to disturb the jury's verdict.

We have again reviewed the prosecutor's closing argument to the jury and find that his remarks were not of sufficient nature to warrant a reversal of this conviction; and we note also, that much of what was objected to by defense counsel appears to have resulted from what defense counsel argued to the jury in his closing argument.

We are therefore of the opinion that the Judgment and Sentence in District Court of Oklahoma County Case No. CRF–69–2503, in which Robert Morgan Rogers, Frank Vernon Hightower, and Lawrence Walter Willman were found guilty by jury trial should be, and the same is, affirmed.

BUSSEY, P. J., concurs.

NIX, J., not participating.