Arnold McGAHA, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15423.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1971.

Rehearing Denied Feb. 1, 1972.

Marshall Huser, Wewoka, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Arnold McGaha, hereinafter referred to as defendant, was convicted by jury verdict in the District Court of Seminole County, Case No. CRF–69–21, of the crime of second degree burglary, and sentenced to four (4) years imprisonment. Judgment and sentence was imposed on June 9, 1969, and this appeal perfected therefrom.

The pertinent evidence established that on the night of June 6th, in the early morning hours of June 7, 1968, Carlton's IGA Store in Seminole, Oklahoma, was broken into from the rooftop. A neighbor who lived across from the store noticed the activity and notified the police. The store was surrounded by police officers who observed two intruders descending a large tree next to the store. As the intruders climbed down the tree, one of the officers ordered them to halt. The intruders ran, but one was felled by an officer's shot after a warning shot was fired. The injured intruder, who was identified by the officers as defendant, was hospitalized and the other intruder escaped.

It is defendant's first assignment that it was error for the prosecutor in his opening statement to inform the jury the State had an "admission of guilt by the defendant," when no evidence of such an admission was offered by the State, and the defendant did not testify. Defendant reasons that this remark operated to compel him to take the stand and testify to refute the erroneous impression in violation of the constitutional prohibition against compelling an accused to testify.

The opening statement was not transcribed nor preserved in the record for review on appeal. We have before us only the recorded objection of defense counsel in chambers as follows:

"BY MR. HUSER: Counsel for the State, in his opening statement, stated to the jury that they had an admission from the defendant of his being there at the time the alleged burglary was committed. The defendant objects and asks the Court to admonish the jury to disregard same."

Although we do not have the language of the prosecutor's opening remarks,

it is clear that defendant's objection to "an admission from the defendant of his being there at the time of the alleged burglary" is not "an admission of guilt." These are defense counsel's words. The State contends the prosecutor said "and defendant admitted * * *," at which point an objection interrupted. Be that as it may, defendant's argument faulters in another respect since he did not testify. Thus he cannot be heard to complain that he was compelled to testify. But even more injurious to defendant's proposition is the absence in the record of the challenged remark which would enable us to determine what, if any, prejudice resulted thereby. It is the responsibility of the defendant to present on appeal enough of the record to allow review of the alleged error. Scott v. State, Okl.Cr., 289 P.2d 393 (1955).

▮ It is, of course, improper for the prosecutor in his opening statement to state facts which are not put in evidence. However, in this instance, the prosecutor's remark was not finished, and we do not think he impressed upon the jury a material or prejudicial fact not placed in evidence, which swayed the jury. Furthermore, nothing said in the opening statement is to be taken by the jury as evidence, and, if accused has any apprehension on this subject, he should request the court to so instruct. Sturgis v. State, 2 Okl.Cr. 362, 102 P. 57 (1909).

▮ It is defendant's second contention that it was error for the prosecutor to comment on the failure of defendant to testify. The Fifth Amendment's prohibition against self-incrimination, through the Fourteenth Amendment, "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt" in a state criminal trial. Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). Furthermore, "comment on a defendant's failure to testify cannot be labeled harmless error in a case where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal." Anderson v. Nelson, 390 U.S. 523, 523–524, 88 S.Ct. 1133, 1134, 20 L.Ed.2d 81 (1968).

In addition to the federal no-comment rule, Oklahoma by statute provides that a defendant at his own request shall be a competent witness, but "his failure to make such request shall not create any presumption against him nor be mentioned on the trial." 22 O.S.1961, § 701. This statutory prohibition was held to be violated by the prosecutor's comment: "Why did not defendant deny the evidence." Bock v. State, 80 Okl.Cr. 28, 156 P.2d 381 (1945). Yet, the prosecutor's comment in closing argument that there was "no defense to the case, and none has been offered," was held not to violate our statutory no-comment rule in Buie v. State, Okl.Cr., 368 P.2d 663 (1962). And in Denney v. State, Okl.Cr., 346 P.2d 359 (1959), it was held: "This statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the State's evidence."

In the case now before us the closing argument was not transcribed for review on appeal. The record before us reflects that during argument defense counsel made the following objection:

> "BY MR. HUSER: Comes now the defendant and objects to the statement of counsel that the officers' statements were not impeached, their testimony was not contradicted; and we ask the Court to declare this a mistrial for the reference made to this defendant.

> "BY THE COURT: It'll be overruled."

The exact language of the prosecutor, which is critical for review, was not preserved, but we assume the challenged comment was substantially to the effect that the State's witnesses' testimony was not contradicted. This appears to be an accu-

rate comment on the evidence. However, even if a comment on the evidence is accurate it would be prejudicial error if it was a comment on defendant's failure to testify.

■ Aside from its accuracy, the apparent remark does not appear to be a comment on defendant's failure to testify which would impress the jury that by defendant's silence he served as an irrefutable witness against himself. Where the defendant presents no evidence it is not error for the prosecutor to say the State's evidence is uncontradicted. Story v. State, Okl.Cr., 478 P.2d 929 (1970). Even if the remark might infer defendant's failure to testify, we deem it to be a harmless error under the rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), since, in our opinion, there is no "reasonable possibility that the evidence complained of might have contributed to the conviction." This was not, in our view, "a case in which, absent the constitutionally forbidden comments, honest, fairminded jurors might very well have brought in not-guilty verdicts." Chapman v. California, supra, 386 U.S. at 25–26, 87 S.Ct. at 829.

■ Finally, we find the trial court committed error, requiring modification, when in the second stage of the trial after the jury determined defendant's guilt, the court instructed the jury as to the schedule of credits deduced from a prison inmate's sentence for good behavior, work time, and blood donations. Williams v. State, Okl.Cr., 461 P.2d 997 (1969).

We therefore conclude that the evidence of guilt is conclusive, but that because of the errors above mentioned the sentence must be modified to a term of two (2) years, and as so modified the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.