James Larry BROWN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–140.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, James Larry Brown, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–1295, for the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801. His punishment was fixed at a term of seven (7) years' imprisonment with the last four (4) years being suspended, and from said judgment and sentence a timely appeal has been perfected to this Court.

We deem it unnecessary to recite the facts inasmuch as this case must be reversed and remanded for a new trial.

Defendant's sole assignment of error asserts that reversible error occurred when the prosecution, on cross-examination of the defendant, propounded questions concerning the defendant's pretrial silence and thus elicited statements violating the defendant's constitutional right to remain silent. The actions of the prosecutor, of which the defendant now complains, are found in the record as follows:

"Q. When was the first time you told this story?

"A. Well today.

"Q. You didn't have any story to tell the police when you were arrested?

"A. No sir, I told them I didn't rob the service station.

"Q. They brought you in here and they arraigned you here in this court in front of a judge and you didn't say anything then did you?

"A. No sir.

"Q. Then you had a certification hearing before Judge Stewart Hunter and you didn't say anything then?

"A. No sir.

"Q. Do you know what the purpose of that hearing was?

"A. No sir not really.

"Q. You had a lawyer there, did you not?

"A. Yes.

"Q. Your parents were there, were they not?

"A. Yes they were.

"Q. You knew that would determine whether or not you would stand trial as an adult?

"A. Yes, I knew they were going to try to certify me and they did.

"Q. You knew what it was about didn't you?

"A. Yes.

"Q. And you didn't say anything?

"A. No.

"Q. Why not?

"MR. PACE: Objection.

"THE COURT: Sustained.

"Q. Today is the first time you've told this story?

"A. Yes." (Tr. 73–74)

■ We note the defendant had a clear constitutional right to remain silent from the moment he became a suspect. Such impermissible cross-examination, although made without timely objections, cannot be regarded as harmless error for the reason we cannot say beyond a reasonable doubt that the same did not contribute to the verdict of guilt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.

2d 705 (1967). We do feel the actions of the prosecutor in the instant case clearly fall within the conduct proscribed in *Buchanan v. State,* Okl.Cr., 523 P.2d 1134 (1974), and such conduct constitutes clear, fundamental and reversible error on the State's part.

Therefore, for the reasons set out above it is the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby, reversed and remanded for a new trial on the charge of Robbery With Firearms.

BRETT, P. J., and BUSSEY, J., concur.