**Edward David PRINCE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–413.**

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1980.

Duane Miller, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted in the District Court of Pontotoc County, Oklahoma, for the offense of Possession of Stolen Vehicle. A one (1) year prison term and a Three Thousand Dollar ($3,000.00) fine were assessed in Case No. CRF–77–124.

The sole allegation on appeal is that error was committed during the course of the trial when a prosecution witness, on two separate occasions, commented on the appellant's Fifth Amendment right to remain silent. The State concedes that it is error for the prosecutor or a witness to comment on a defendant's refusal to testify, but argues the error was cured by proper admonition to the jury. We disagree.

In the first instance, special agent Nelson Bose of the F. B. I., when called as a witness on direct examination, responded to the prosecutor's questioning as follows:

Q. Would you phrase your question, please, as to what you asked the Defendant in regards to the 1977 Trans–Am Pontiac.

A. I asked him if he wanted to discuss this vehicle, along with three others that I was interested in, and he declined to discuss either of them.

The defense counsel objected and moved for a mistrial. The court admonished the jury:

THE COURT: I will admonish the jury, and maybe he will get the hint. The motion will be denied. Ladies and gentlemen of the jury, there are times in a trial when questions are asked and responses are given, and when a Judge has to ask jurors to disregard what they have heard, and I am going to ask you to disregard the last answer given by this witness. Now I need to have a response from you. We all understand the difficulty of your complying with this kind of instruction. Now, if you will dis-

regard the last answer given by this witness pursuant to my instructing you at this time, raise your right hand.

(Whereupon, all jurors raised their right hand.)

THE COURT: For the record, all jurors have assented by raising their right hand. Let's proceed.

When the questioning proceeded a similar response was given by the witness to the prosecutor's question:

Q: Did you ask the Defendant whether he was ___ ___ did you ask him any questions concerning the 1977 Trans–Am vehicle being on the premises?

A: I wanted to discuss the vehicle.

Q: What was his response?

A: He declined to make any comments about this vehicle.

Defense counsel again objected. The court issued the same ruling and instruction to the jurors to disregard the answer. The appellant's attorney moved for a mistrial and the proceedings continued.

■ Both parties rely on *Burroughs v. State*, Okl.Cr., 528 P.2d 714 (1974), in which the defendant was advised of his right to remain silent and chose to do so. In response to questioning by the Assistant District Attorney, Officer Don Acox testified at trial that in a post–arrest interview the defendant stated he wished to remain silent. The court there observed:

It is beyond question that a person has the right to remain silent when arrested, and when accused of a crime. That silence may not be used against him to establish the commission of a crime. U. S. Constitution, Amend. 5.

\* \* \* \* \* \*

There is a presumption that error of this kind is prejudicial, and in reviewing a case it becomes necessary for this Court to give full consideration to the record and determine whether said presumption has been overcome and that prejudice did not result.

 Applying this standard to the case before us, we cannot say that the examination of the F. B. I. agent was harmless error for the reason that this Court is unable to find beyond a reasonable doubt that the same did not contribute to the verdict of guilt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Brown v. State*, Okl.Cr., 541 P.2d 242 (1975). The fact that this error may have contributed to the verdict is also supported by the fact that (1) the appellant did not testify at trial and (2) the jury deliberated only 35 minutes before returning a guilty verdict.

We hold that the complained of conduct constitutes clear and reversible error on the part of the State. The judgment and sentence is REVERSED and REMANDED for a new trial on the charge of Possession of Stolen Vehicle.

BRETT and BUSSEY, JJ., concur in results.