**Terry Lee KINNEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–701.**

Court of Criminal Appeals of Oklahoma

Sept. 21, 1981.

Major R. Wilson, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta M. Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

Terry Lee Kinney, appellant, was convicted by a jury of Robbery With Firearms, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–79–4261. A sentence of ninety-nine (99) years was imposed.

The disposition of this case turns on the issue of the admissibility of testimony pertaining to the appellant's post-arrest silence. In response to the prosecutor's questions concerning the appellant's arrest, the officer explained that he advised the appellant of his constitutional rights from the *Miranda* warning card. The prosecutor then asked, "What was his response to that?" The officer answered, "He stated that he would make no statements whatsoever to me pertaining to the robbery."

The United States Supreme Court has enunciated the rule that comments on the post-arrest silence of an accused violate the Fourteenth Amendment. *See Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The silence of an accused at the time of arrest, following the *Miranda* warnings, should be interpreted as nothing more than an exercise of these rights. Thus, it is error when a comment on an accused's silence is made because of the possible implication of guilt.

The United States Supreme Court recently held in *Edwards v. Arizona*, —— U.S. ——, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), that a confession from an accused following his request to have counsel present violated his Fifth and Fourteenth Amendment rights, pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). While the prosecutor in the instant case was aware that the appellant had made no statement or confession to the police when the was arrested, he knew that the arresting officer would respond to his question by saying that the appellant chose to remain silent. We disapprove of a prosecutor's conduct which amounts to a subterfuge to comment on the defendant's right to remain silent. We hold in *Burroughs v. State*, 528 P.2d 714 (Okl.Cr.1974), and *Prince v. State*, 620 P.2d 431 (Okl.Cr.1980), that comments of this kind elicited by a prosecutor were prejudicial and warranted reversal. We reach the same conclusion here.

Our decision is further supported by comments of the trial judge: "What's the purpose of this, you cannot mention the fact that he remained silent." (Tr. 54) "You are getting—you are bordering on something that is bordering on what would be a mistrial. Let's move on to something else." (Tr. 55)

Having reviewed the remaining assignments of error, we find them to be without merit.

The judgment of the district court is REVERSED.

BRETT, P. J., and BUSSEY, J., concur.